IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| In re: Aztec Supply Corporation, ) | Case No. 07-15189 |
| ) | Chapter 11 |
| Debtor. ) | Judge John H. Squires |
| ) | Hearing Date and Time: |
| ) | December 18, 2007 at 9:30 a.m. |

JOINT MOTION OF AZTEC SUPPLY CORPORATION AND
PLASTIC FINANCIAL, LLC FOR AUTHORIZATION AND APPROVAL
OF FINANCING PURSUANT TO 364(d)(1), FOR SUPER ADMINISTRATIVE
PRIORITY STATUS PURSUANT TO SECTION 364(c)(1) AND FOR
INTERIM FINANCING PURSUANT TO RULE 4001 AND 9014

NOW COMES Aztec Supply Corporation, as Debtor and Debtor in Possession ("Aztec") and Plastic Financial, LLC ("Plastic Financial") and move pursuant to §364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure (hereinafter, the "F. R. Bkry Proc.") for authorization and approval of post-petition secured financing pursuant to 364(d)(1) of the Bankruptcy Code ("hereinafter, the Code"); for super priority administrative priority status for said financing pursuant to Section 364(c)(1) of the Code; and for interim financing, stating in support of their motion, as follows:

A. Background

1. **Aztec as Debtor in Possession**: Aztec is the debtor in possession in these proceedings having filed its voluntary petition on August 21, 2007 seeking a reorganization under Chapter 11 of the Code. No creditors committee has been appointed nor has a trustee been appointed in this case. Therefore, Aztec remains in possession of its property and is authorized to operate its business pursuant to Section 1107(a).

2.  **Prior Financing with Bank**: This Court has entered orders approving the use of cash collateral between AztecAmerica Bank ("Bank") permitting the use of cash collateral of the Bank and has granted certain rights to the Bank as adequate protection of its collateral interests, including the grant to the Bank of replacement liens in post-petition property of the estate, in return for the continued right of Aztec to use the Bank's cash collateral. Said orders were entered on October 16, 2007 (Docket No. 52), November 06, 2007 (Docket No. 79) and November 28, 2007 (Docket No. 91). Approximately $290,000 is owed to Bank as of the November 27, 2007. Therefore, the Bank holds security interests and liens on the post-petition property of the estate. [The aforesaid orders recognized and granted to the Bank security interests and liens in the pre-petition property of the Bank.

B.  Additional Financing Provided by Plastic Financial

3.  **Need for Additional Financing**: Aztec requires additional working capital in order to continue its business operations and anticipates that without such additional financing that it will be unable to continue the operations of its business beyond December 31, 2007. It is the reorganization plan of Aztec to either sell its assets under Section 363 of the Code or to propose a plan of reorganization. It is contemplated that Plastic Financial or an affiliate thereof, will either submit an offer to purchase the assets of Aztec under Section 363 of the Code or finance a plan of reorganization, depending upon the feasibility of the respective courses of action.

4.  **Terms of New Financing**: Aztec and Plastic Financial have reached a new agreement for additional post-petition financing which is more accurately described in the Post Petition Loan and Security Agreement attached hereto as Exhibit A. A

2

revolving commitment for financing to a maximum amount of $126,000, with a maturity of March 28, 2008, is granted by Plastic Financial to Aztec.

C.   Mandatory Disclosures Pursuant to Local Rule 4001-2 A. 2

   5.   **Disclosure of Terms Required by Local Rule 4001-2 A. 2**:

As required by Local Rule 4001-2 A. 2, Aztec and Plastic Financial summarize the terms of the financing and disclose and highlight the following provisions as follows:

   a.   Amount to be Advanced: $126,000, available in two tranches, being a First Tranche of $75,000 for the purchase of new inventory, and the Second Tranche of $50,000 for the payment of administrative and overhead expenses;

   b.   Interim financing pending this Court's approval of the Motion and financing: Pursuant to Rule 4001 and Local Bankruptcy Rule 4001-2, an amount as stated in Aztec's budget, attached as Exhibit B hereto, being the amount necessary to prevent immediate and irreparable injury to the estate pending the final hearing and due to the threatened closure of the business operations of Aztec if said interim financing is not approved;

   c.   Security to Plastic Financial for additional financing: A first priority lien on all post-petition property of the estate, excluding Avoidance Actions, with a division of post-petition property between Bank and Plastic Financial based on the date of funding by Plastic Financial, with Plastic Financial entitled to all inventory and accounts receivable acquired on and after the date of financing by Plastic Financial and Bank being entitled to all pre-existing inventory and accounts as of the date of financing by Plastic Financial; in addition, a first administrative priority claim is granted to Plastic Financial with priority over all other administrative priority claims (excepting service charges owed

3

to the United States Trustee and allowed amounts for compensation for professionals of the estate) for any diminution of the value of the collateral granted to Plastic Financial compared to the balance outstanding of the financing provided hereunder.

    d.    <u>Interest rate</u>: 1% over prime, with a 2% default rate, with current interest payable on a monthly basis;

    e.    <u>Fees:</u> Only the reasonable legal expenses of Plastic Financial;

    f.    <u>Maturity Date:</u> The financing provided by Plastic Financial will be on a revolving basis and will be due and payable on March 28, 2008 or such earlier date of the entry of this Court's order approving a sale of assets under Section 363 or confirmation of a plan of reorganization pursuant to Section 1129;

    g.    <u>No cross-collateralization</u>: There is no cross collateralization of the new financing from Plastics Financial with any debt owed to any party or any affiliate of Plastic Financial;

    h.    <u>No binding effect:</u> There are no provisions for any binding effect on the estate or creditors with respect to validity, perfection or amount of secured creditor's pre-petition lien or debt or waiver of claims against secured creditor, due to the fact that Plastic Financial was not a creditor of the Debtor prior to the petition. No affiliate of Plastic Financial's claim receives the treatment described in the prior sentence;

    i.    <u>Waiver of Section 506(c)</u>: Section 10.17 of the Post Petition Loan and Security Agreement contains a waiver of surcharges on the collateral of Plastic Financial due to imminent threat of business failure of Aztec without said financing and the likelihood that the remaining property of Aztec will be insufficient under any conditions

4

to justify the incurrence of expenses to preserve or protect said collateral by any party other than Plastic Financial;

  j. <u>Grant of Liens on Avoidance Actions</u>: No such provisions exist;

  k. <u>Treatment of Pre-Petition Claims as Post-Petition Claims</u>: No such provisions exist;

  l. <u>Discriminatory Treatment of Professionals for Committee</u>: No such provisions exist;

  m. <u>Priming of Prior Secured Lien without Consent of Party</u>: The consent of the Bank, as the holder of a prior secured claim will be obtained;

  n. <u>Waiver of Lender Liability</u>: No such provision exists;

  o. <u>Expedited Relief from Automatic Stay</u>: Section 9.2 of the Post Petition Loan and Security Agreement provides for a hearing on three (3) business days notice to the Debtor, United States Trustee and any Committee appointed, on a motion of Plastics Financial for relief from the stay, due to the rapidly deteriorating nature of the collateral for the additional financing, being accounts receivable constituting the majority of the collateral.

**D.** <u>Request for Interim Financing</u>

  6. **Interim Financing**: Aztec requests that this Court approve interim financing between Plastic Financial and Aztec of the sum of $7,092.79 per week during each week of the month of December, plus an additional amount of for inventory purchases through December 18, 2007, in the total sum of $60,000 pursuant to the budget attached hereto as Exhibit B in order to allow Aztec to pay its normal operating expenses and to purchase new inventory which is necessary to fill its customer orders and continue

the operation of its business. Without said Interim Financing, being the amount necessary to prevent immediate and irreparable injury to the estate pending the final hearing, the business operations of Aztec will cease and its effort to reorganize will fail.

E.   Notice and further Hearing

7.   **Notice to United States Trustee, Debtor, Creditors and Parties in Interest**:   Notice of the hearing hereon, together with a copy of the Motion and Exhibits hereto heave been given through electronic transmittal or overnight courier to (i) The United States Trustee, attention Denise DeLaurent, Esq.,; the Debtor and its counsel; and the Twenty Largest Creditors scheduled by the Debtor.

8.   **Final Hearing**:   Aztec and Plastic Financial request that the Court schedule a hearing for final approval of this financing with Plastic Financial on the 18th day of December, 2007, on shorten notice, or in the alternative, schedule a second interim hearing for December 18, 2007 together with a final hearing during the month of January, 2008.

WHEREFORE, Aztec and Plastic Financial pray for the entry of an Order:

A. approving the financing agreement under §364(c) and (d) of the Bankruptcy Code

B. approving interim financing until December 18, 2007, in the sum not to exceed $60,000 as described herein

C. approve the grant to Plastic Financial of a first security interest and lien on all property of the estate, subject only to the security interest of Bank on property existing on the date of the approval of the Interim Financing; and,

D. approving a super priority administrative claim in favor of Plastic Financial for any diminution of the value of its collateral below the sum of the financing extended to Aztec, together with

E. such other and further relief as the Court deems just.

Respectfully submitted,

AZTEC SUPPLY CORPORATION,
Debtor in Possession

By: /s/ Michael White
One of its Attorneys
30 N. LaSalle, Suite 2042
Chicago, IL 60602
mwhit1967@aol.com

and

PLASTIC FINANCIAL, LLC

By: /s/ Dennis E. Quaid
One of its attorneys
Thompson Coburn LLP d/b/a
Thompson Coburn Fagel Haber
55 E. Monroe Street – 40th Floor
Chicago, Illinois 60603
dquaid@tcfhlaw.com